UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.T. TUCKER,

       Plaintiff,

v.                                               Case Number: 09-CV-13245
                                                 Honorable John Corbett O'Meara

FNU BUSKIRK, and
B. HOLLAND,

       Defendants,
_____/

**OPINION AND ORDER DISMISSING
COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)**

This matter is before the Court on Plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state inmate who is currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. He has requested that he be permitted to proceed *in forma pauperis* in this case. *See* 28 U.S.C. § 1915(a)(1). Upon review of Plaintiff's case and his litigation history in the federal courts, this Court concludes that his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**I. BACKGROUND**

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff has failed to provide the $350.00 filing fee when he filed his complaint. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). *See also In Re Prison Litigation Reform Act,*

105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F.Supp.2d 960, 962 (W.D. Tenn. 2000).

A search of federal court records indicates that Plaintiff has at least four prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Tucker v. Chapin*, *et. al.*, No. 94-cv-100 (W.D.Mich. June 30, 1994); *Tucker v. Kinney*, *et. al.*, No. 94-cv-101 (W.D.Mich. June 30, 1994); *Tucker v. Hembree, et. al.*, No. 94-cv-105 (W.D.Mich. July 15, 1994); *Percival, et. al. v. Williams, et. al.*, No. 00-cv-849 (W.D.Mich. Nov. 29, 2000).

Subsequent to the dismissal of the last four of these actions, Plaintiff filed at least two separate § 1983 complaints, which were dismissed pursuant to 28 U.S.C. § 1915(g) on the ground that Plaintiff had at least three prior civil rights complaints which had been dismissed for being frivolous. *See Tucker v. Smith, et. al.,* No. 06-cv-94, 2006 WL 1155479 (W.D.Mich. Apr. 26, 2006), *appeal dismissed*, No. 06-2408 (6th Cir. Dec.14, 2006); *Tucker v. Bergh, et. al.,* No. 06-cv-73, 2006 WL 1008985 (W.D.Mich. Apr. 14, 2006), *appeal dismissed,* No. 06-2405 (6th Cir. Dec. 14, 2006).

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L.No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), a federal court may dismiss a case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F.Supp. 538, 540 (E.D.Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits

dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *McFadden v. Parpan*, 16 F.Supp.2d 246, 247 (E.D.N.Y. 1998). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F.Supp. at 539. Moreover, the federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996); *Anderson v. Sundquist*, 1 F.Supp.2d 828, 830 (W.D.Tenn. 1998).

In the present case, Plaintiff has at least four prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. More importantly, Plaintiff has been advised on two separate occasions by a judge in the United States District Court for the Western District of Michigan that he was precluded from proceeding *in forma pauperis* in another civil rights action pursuant to § 1915(g) because of these prior dismissals. As the Seventh Circuit has noted: "An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F.3d 857, 859 (7th Cir. 1999).

However, a plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at time complaint is filed)

*Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).

Here, Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C. § 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his four prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrs.,* 28 Fed.App'x 470, 472 (6th Cir. 2002). Plaintiff's complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F.Supp. at 540.

Since Plaintiff has had four prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F.Supp.2d 796, 805-806 (W.D.Tenn. 1999).

### III. ORDER

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff L.T. Tucker's *in forma pauperis* status is **DENIED** and his complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(g). Should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within thirty (30) days. Upon receipt of the filing fee, the Court will re-open the case and review

the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that any appeal taken by Plaintiff would not be done in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: August 28, 2009

I hereby certify that a copy of the foregoing document was served upon Plaintiff on this date, August 28, 2009, by ordinary mail.

                                                s/William Barkholz
                                                Case Manager