UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.T. TUCKER,

       Plaintiff,

v.                                                                          Case Number: 09-CV-13245
                                                                                 Honorable John Corbett O'Meara

FNU BUSKIRK, FNU STONE, and
FNU B. HOLLAND,

       Defendants,
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR MOTION FOR RELIEF FROM JUDGMENT

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. The Court denied Plaintiff's application to proceed without prepayment of fees and costs and dismissed his complaint without prejudice pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). *See* Order filed August 28, 2009. Pending before the Court is Plaintiff's motion for reconsideration and/or for relief from judgment. For the reasons that follow, the motion is **DENIED**.

II.

First, to the extent that Plaintiff seeks reconsideration of the Court's decision, his motion must be denied. A motion for reconsideration must be filed within ten days after entry of the court's judgment or order. *See* E.D.Mich. LR 7.1(g)(1). Plaintiff's proof of service for his motion is dated September 28, 2009–twenty-nine days after the Court's judgment. His motion for reconsideration is therefore untimely and may be denied on this ground.

Moreover, Plaintiff's motion fails to satisfy the requirements for reconsideration. He has

not shown a palpable defect by which the Court has been misled or show that a different disposition must result from a correction thereof, as required by E.D.Mich. LR 7.1(g) (3).

Finally, even if the motion was considered to have been brought within a reasonable time under Rule 60(b), Petitioner is not entitled to relief.  Under Rule 60(b), a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

Plaintiff has made no such showing.  The Court properly dismissed the case without prejudice because Plaintiff did not establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes rule.

On reconsideration, the Court concludes that it will adhere to its decision in its Order.  Again, the Court finds that Plaintiff has not established that he is in imminent danger of serious physical injury.  He therefore is not entitled to invoke the imminent danger exception to the three strikes rule.  Plaintiff's allegations of imminent danger of serious physical injury are entirely speculative.  *See Swenson v. Pramstaller*, 169 Fed. Appx. 449, 450-51 (6th Cir.2006).  Plaintiff's allegations that Defendants denied him medical care are simply conclusory statements that are unsupported by evidentiary material.  *See Chance v. Tennessee*, 47 Fed. App'x 762, 763 (6th Cir. 2002).  Finally, his allegations lack factual support because he is no longer incarcerated at the St.

Louis Correctional Facility in St. Louis, Michigan, where the alleged incidents occurred. Rather, he is currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan. Plainly, Plaintiff cannot allege that he is in imminent danger of serious physical injury at a facility where he is no longer incarcerated. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

### III.

For the reasons stated, the Court concludes that, pursuant to Rule 60(b), Plaintiff has not demonstrated that the Court erred in its decision; Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and therefore his complaint does not fit within the exception to the statutory mandate that prohibits him from proceeding *in forma pauperis* in light of his prior frivolity dismissals. *Mulazim v. Michigan Dep't of Corrs.*, 28 Fed.App'x 470, 472 (6th Cir. 2002). Accordingly, **IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Dkt. # 7.)

**SO ORDERED**.

                                                    s/John Corbett O'Meara  
                                                    United States District Judge

Date: October 7, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 7, 2009, using the ECF system and/or ordinary mail.

                                                    s/William Barkholz  
                                                    Case Manager